IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTELLECTUAL VENTURES II LLC,<br><br>Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC, AT&T MOBILITY II LLC and NEW CINGULAR WIRELESS SERVICES, INC.,<br><br>Defendants.<br><br>and<br><br>ERICSSON INC. and TELEFONAKTIEBOLAGET LM ERICSSON,<br><br>Intervenors. | ) | C.A. No. 14-1229 (LPS)<br><br>JURY TRIAL DEMANDED |

**ERICSSON'S ANSWER IN INTERVENTION**

Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively, "Ericsson") submit their Answer to plaintiff Intellectual Ventures II LLC's ("Plaintiff") Complaint against AT&T Mobility LLC, AT&T Mobility II LLC, and New Cingular Wireless Services, Inc., (collectively, "Defendants") filed on September 26, 2014 (D.I. No. 2, the "Complaint").

**THE PARTIES**

1. Ericsson is without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 1 of the Complaint, and therefore denies them.

2. Ericsson is without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 2 of the Complaint, and therefore denies them.

3. Ericsson is without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3 of the Complaint, and therefore denies them.

4. Ericsson is without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 4 of the Complaint, and therefore denies them.

## NATURE OF THE ACTION

5. Ericsson admits that the Complaint purports to pursue an action for patent infringement under the provisions of the Patent Laws of the United States of America, Title 35 of the United States Code. To the extent Plaintiff's allegations relate to products and/or services provided by Ericsson, Ericsson denies that the Complaint properly states such claims and specifically denies any wrongdoing or infringement by Ericsson and by the Defendants.

## JURISDICTION AND VENUE

6. To the extent Plaintiff has standing to assert infringement of the asserted patents, Ericsson admits that the Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1338(a). Ericsson denies any remaining allegations of paragraph 6 of the Complaint.

7. To the extent Plaintiff's allegations relate to products and/or services provided by Ericsson, Ericsson denies that Defendants or Ericsson have committed infringing acts in this District, that Plaintiff has been injured as a result of those acts, and that Defendants or Ericsson expect or should reasonably expect its actions to have consequences within the District. Ericsson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 7, and therefore denies them.

8. Ericsson is without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 8 of the Complaint, and therefore denies them.

9. Ericsson is without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 9 of the Complaint, and therefore denies them.

10. Ericsson admits that venue is proper in this jurisdiction solely for the purposes of this action pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**THE PATENTS IN SUIT**

11. Ericsson incorporates by reference its responses to paragraphs 1-10 of the Complaint.

**U.S. PATENT NO. 6,370,153**

12. Ericsson admits that, on its face, United States Patent No. 6,370,153 (the "'153 Patent") is entitled "METHOD AND APPARATUS FOR RESERVING RESOURCES OF ONE OR MORE MULTIPLE ACCESS COMMUNICATION CHANNELS" and lists an issue date of April 9, 2002. Ericsson admits that a copy of the '153 Patent was attached as Exhibit A to the Complaint.

13. Ericsson is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 13, and therefore denies them.

**U.S. PATENT NO. 5,963,557**

14. Ericsson admits that, on its face, United States Patent No. 5,963,557 (the "'557 Patent") is entitled "HIGH CAPACITY RESERVATION MULTIPLE ACCESS NETWORK WITH MULTIPLE SHARED UNIDIRECTIONAL PATHS" and lists an issue date of October 5, 1999. Ericsson admits that a copy of the '557 Patent was attached as Exhibit B to the Complaint.

15. Ericsson is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 15, and therefore denies them.

**U.S. PATENT NO. 8,310,993**

16. Ericsson admits that, on its face, United States Patent No. 8,310,993 (the "'993 Patent") is entitled "ACKNOWLEDGING COMMUNICATION IN A WIRELESS NETWORK" and lists an issue date of November 13, 2012. Ericsson admits that a copy of the '993 Patent was attached as Exhibit C to the Complaint.

17. Ericsson is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 17, and therefore denies them.

**U.S. PATENT NO. 7,269,127**

18. Ericsson admits that, on its face, United States Patent No. 7,269,127 (the "'127 Patent") is entitled "PREAMBLE STRUCTURES FOR SINGLE-INPUT, SINGLE-OUTPUT (SISO) AND MULTI-INPUT MULTI-OUTPUT (MIMO) COMMUNICATION SYSTEMS" and lists an issue date of September 11, 2007. Ericsson admits that a copy of the '127 Patent was attached as Exhibit D to the Complaint.

19. Ericsson is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 19, and therefore denies them.

**U.S. PATENT NO. 7,848,353**

20. Ericsson admits that, on its face, United States Patent No. 7,848,353 (the "'353 Patent") is entitled "METHOD, COMMUNICATION SYSTEM AND COMMUNICATION UNIT FOR SYNCHRONISATION FOR MULTI-RATE COMMUNICATION" and lists an issue date of December 7, 2010. Ericsson admits that a copy of the '353 Patent was attached as Exhibit E to the Complaint.

21. Ericsson is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 21, and therefore denies them.

**U.S. PATENT NO. 8,396,079**

22. Ericsson admits that, on its face, United States Patent No. 8,396,079 (the "'079 Patent") is entitled "COMMUNICATION UNITS OPERATING WITH VARIOUS BANDWIDTHS" and lists an issue date of March 12, 2013. Ericsson admits that a copy of the '079 Patent was attached as Exhibit F to the Complaint.

23. Ericsson is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 23, and therefore denies them.

**U.S. PATENT NO. 7,787,431**

24. Ericsson admits that, on its face, United States Patent No. 7,787,431 (the "'431 Patent") is entitled "METHODS AND APPARATUS FOR MULTI-CARRIER COMMUNICATIONS WITH VARIABLE CHANNEL BANDWIDTH" and lists an issue date of August 31, 2010. Ericsson admits that a copy of the '431 Patent was attached as Exhibit G to the Complaint.

25. Ericsson is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 25, and therefore denies them.

**U.S. PATENT NO. 7,385,994**

26. Ericsson admits that, on its face, United States Patent No. 7,385,994 (the "'994 Patent") is entitled "PACKET DATA QUEUING AND PROCESSING" and lists an issue date of June 10, 2008. Ericsson admits that a copy of the '994 Patent was attached as Exhibit H to the Complaint.

27. Ericsson is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 27, and therefore denies them.

## FACTUAL BACKGROUND

### Intellectual Ventures

28. Ericsson is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 28, and therefore denies them.

29. Ericsson is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 29, and therefore denies them.

30. Ericsson is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 30, and therefore denies them.

31. Ericsson is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 31, and therefore denies them.

### AT&T Telecommunications Network

32. Ericsson is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 32, and therefore denies them.

33. Ericsson is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 33, and therefore denies them.

34. Ericsson is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 34, and therefore denies them.

35. Ericsson is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 35, and therefore denies them.

36. To the extent Plaintiff's allegations relate to products and/or services provided by Ericsson, Ericsson denies that Defendants or Ericsson have committed infringing acts or that Plaintiff has been injured as a result of those acts. Ericsson is without knowledge or information

sufficient to form a belief about the truth of the remaining allegations of paragraph 36, and therefore denies them.

37. To the extent Plaintiff's allegations relate to products and/or services provided by Ericsson, Ericsson denies that Defendants or Ericsson have committed infringing acts or that Plaintiff has been injured as a result of those acts. Ericsson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 37, and therefore denies them.

38. To the extent Plaintiff's allegations relate to products and/or services provided by Ericsson, Ericsson denies that Defendants or Ericsson have committed infringing acts or that Plaintiff has been injured as a result of those acts. Ericsson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 38, and therefore denies them.

## COUNT I
## (Defendants' Alleged Infringement of the '153 Patent)

39. Ericsson incorporates by reference its responses to paragraphs 1-38 of the Complaint.

40. To the extent Plaintiff's allegations relate to products and/or services provided by Ericsson, Ericsson denies the allegations of paragraph 40. Ericsson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 40, and therefore denies them.

41. To the extent Plaintiff's allegations relate to products and/or services provided by Ericsson, Ericsson denies the allegations of paragraph 41. Ericsson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 41, and therefore denies them. Further, Ericsson denies that the allegations asserted in paragraph

41 of the Complaint are sufficient to support a claim of willful infringement, even if taken as true, and therefore denies them.

42. To the extent Plaintiff's allegations relate to products and/or services provided by Ericsson, Ericsson denies the allegations of paragraph 42. Ericsson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 42, and therefore denies them.

**COUNT II**
**(Defendants' Alleged Infringement of the '557 Patent)**

43. Ericsson incorporates by reference its responses to paragraphs 1-42 of the Complaint.

44. To the extent Plaintiff's allegations relate to products and/or services provided by Ericsson, Ericsson denies the allegations of paragraph 44. Ericsson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 44, and therefore denies them.

45. To the extent Plaintiff's allegations relate to products and/or services provided by Ericsson, Ericsson denies the allegations of paragraph 45. Ericsson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 45, and therefore denies them. Further, Ericsson denies that the allegations asserted in paragraph 45 of the Complaint are sufficient to support a claim of willful infringement, even if taken as true, and therefore denies them.

46. To the extent Plaintiff's allegations relate to products and/or services provided by Ericsson, Ericsson denies the allegations of paragraph 46. Ericsson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 46, and therefore denies them.

**COUNT III**
**(Defendants' Alleged Infringement of the '993 Patent)**

47. Ericsson incorporates by reference its responses to paragraphs 1-46 of the Complaint.

48. To the extent Plaintiff's allegations relate to products and/or services provided by Ericsson, Ericsson denies the allegations of paragraph 48. Ericsson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 48, and therefore denies them.

49. To the extent Plaintiff's allegations relate to products and/or services provided by Ericsson, Ericsson denies the allegations of paragraph 49. Ericsson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 49, and therefore denies them.

**COUNT IV**
**(Defendants' Alleged Infringement of the '127 Patent)**

50. Ericsson incorporates by reference its responses to paragraphs 1-49 of the Complaint.

51. To the extent Plaintiff's allegations relate to products and/or services provided by Ericsson, Ericsson denies the allegations of paragraph 51. Ericsson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 51, and therefore denies them.

52. To the extent Plaintiff's allegations relate to products and/or services provided by Ericsson, Ericsson denies the allegations of paragraph 52. Ericsson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 52, and therefore denies them.

**COUNT V**
**(Defendants' Alleged Infringement of the '353 Patent)**

53. Ericsson incorporates by reference its responses to paragraphs 1-52 of the Complaint.

54. To the extent Plaintiff's allegations relate to products and/or services provided by Ericsson, Ericsson denies the allegations of paragraph 54. Ericsson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 54, and therefore denies them.

55. To the extent Plaintiff's allegations relate to products and/or services provided by Ericsson, Ericsson denies the allegations of paragraph 55. Ericsson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 55, and therefore denies them.

**COUNT VI**
**(Defendants' Alleged Infringement of the '079 Patent)**

56. Ericsson incorporates by reference its responses to paragraphs 1-55 of the Complaint.

57. To the extent Plaintiff's allegations relate to products and/or services provided by Ericsson, Ericsson denies the allegations of paragraph 57. Ericsson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 57, and therefore denies them.

58. To the extent Plaintiff's allegations relate to products and/or services provided by Ericsson, Ericsson denies the allegations of paragraph 58. Ericsson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 58, and therefore denies them.

**COUNT VII**
**(Defendants' Alleged Infringement of the '431 Patent)**

59. Ericsson incorporates by reference its responses to paragraphs 1-58 of the Complaint.

60. To the extent Plaintiff's allegations relate to products and/or services provided by Ericsson, Ericsson denies the allegations of paragraph 60. Ericsson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 60, and therefore denies them.

61. To the extent Plaintiff's allegations relate to products and/or services provided by Ericsson, Ericsson denies the allegations of paragraph 61. Ericsson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 61, and therefore denies them.

**COUNT VIII**
**(Defendants' Alleged Infringement of the '994 Patent)**

62. Ericsson incorporates by reference its responses to paragraphs 1-61 of the Complaint.

63. To the extent Plaintiff's allegations relate to products and/or services provided by Ericsson, Ericsson denies the allegations of paragraph 63. Ericsson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 63, and therefore denies them.

64. To the extent Plaintiff's allegations relate to products and/or services provided by Ericsson, Ericsson denies the allegations of paragraph 64. Ericsson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 64, and therefore denies them.

**PRAYER FOR RELIEF**

65. Ericsson denies each and every allegation directed at the Defendants contained in the Prayer for Relief, to the extent those allegations may relate to Ericsson. Ericsson denies any wrongdoing or infringement and denies that any conduct on its part entitles Plaintiff to an injunction, damages under 35 U.S.C. § 284, or any other relief. Ericsson further denies each and every allegation in the Complaint to which it has not specifically responded.

**DEMAND FOR JURY TRIAL**

66. Ericsson admits that Plaintiff has requested a trial by jury.

**ADDITIONAL DEFENSES**

67. In addition to the defenses set forth below, Ericsson expressly reserves the right to allege additional defenses, including, without limitation, unclean hands, unenforceability and/or inequitable conduct as they become known throughout the course of discovery.

**First Defense: Non-Infringement**

68. Ericsson does not infringe and has not infringed, literally or by the doctrine of equivalents, and the Defendants have not infringed by using or selling any Ericsson product or service, with respect to any valid claim of the ’153, ’557, ’993, ’127, ’353, ’079, ’431 or ’994 Patents.

**Second Defense: Invalidity**

69. The claims of the of the ’153, ’557, ’993, ’127, ’353, ’079, ’431 and ’994 Patents are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

**Third Defense: Estoppel/Waiver**

70. Plaintiff's claims for relief are barred in whole or in part by estoppel and/or waiver.

71. Plaintiff's claims for relief are barred in whole or in part by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admissions, omissions, representations, disclaimers and/or disavowals made by the applicants for the '153, '557, '993, '127, '353, '079, '431 and/or '994 Patents.

**Fourth Defense: Limitations on Damages**

72. Upon information and belief, Plaintiff's claims for damages for alleged infringement are limited by 35 U.S.C. §§ 286 and 287. For example, under section 287, Plaintiff is prohibited from recovering damages for activities alleged to have occurred before Plaintiff provided actual notice of activities alleged to infringe with respect to Ericsson products or services.

**Fifth Defense: Injunctive Relief Unavailable**

73. Plaintiff's claims for injunctive relief with respect to the Defendants' use of Ericsson products or services are barred because Plaintiff has failed to meet the requirements for injunctive relief.

**Sixth Defense: Failure to State A Claim**

74. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**Seventh Defense: Laches**

75. Plaintiff's relief is limited under the doctrines of laches, estoppel, and/or implied license.

**Eighth Defense: FRAND or RAND Obligations**

76. Plaintiff's demand for damages is limited because one or more of the asserted patents is subject to a FRAND or RAND obligation.

**DEMAND FOR JURY TRIAL**

77. Ericsson requests a trial by jury of all issues in this action triable by a jury.

**PRAYER FOR RELIEF**

Ericsson prays for judgment as follows:

A. To the extent Plaintiff's allegations relate to products and/or services provided by Ericsson, that this Court fully and finally dismiss Plaintiff's claims against Defendants and Ericsson and order that Plaintiff take nothing from Defendants or Ericsson;

B. That this Court find that the manufacture, use, sale, and/or offer for sale of Ericsson's systems, products, methods, and services does not infringe any valid claim of the '153, '557, '993, '127, '353, '079, '431 or '994 Patents;

C. That this Court find that the '153, '557, '993, '127, '353, '079, '431 and '994 Patents are invalid pursuant to Title 35 of the United States Code;

D. That this Court award permanent injunctive relief enjoining Plaintiff from taking any actions or making any statements based upon the '153, '557, '993, '127, '353, '079, '431 or '994 Patents that is inconsistent with Ericsson's right to make, use, offer to sell, and/or sell any of its systems, products, methods, and services;

E. That this Court find that this is an exceptional case and award Ericsson their attorneys' fees pursuant to 35 U.S.C. § 285 or otherwise; and

F. That this Court grants Ericsson such other and further relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Intervenors Ericsson Inc. and Telefonaktiebolaget Ericsson LM*

OF COUNSEL:

Douglas M. Kubehl
Ross Culpepper
Johnson Kuncheria
Jeff Becker
Osman Siddiq
Steven Jugle
Megan LaDrier
Harrison Rich
BAKER BOTTS
2001 Ross Avenue
Dallas, TX 75201-2980
(214) 953-6500

October 27, 2014

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 27. 2014, upon the following in the manner indicated:

Brian E. Farnan, Esquire *VIA ELECTRONIC MAIL*
Michael J. Farnan, Esquire
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
*Attorneys for Intellectual Ventures I LLC and Intellectual Ventures II LLC*

Martin J. Black, Esquire *VIA ELECTRONIC MAIL*
DECHERT LLP
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
*Attorneys for Intellectual Ventures I LLC and Intellectual Ventures II LLC*

Stephen J. Akerley, Esquire *VIA ELECTRONIC MAIL*
Justin F. Boyce, Esquire
Philip C. Ducker, Esquire
DECHERT LLP
2440 W. El Camino Real, Suite 700
Mountain View, CA 94040-1499
*Attorneys for Intellectual Ventures I LLC and Intellectual Ventures II LLC*

Jeffrey T. Fisher, Esquire *VIA ELECTRONIC MAIL*
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036-6797
*Attorneys for Intellectual Ventures I LLC and Intellectual Ventures II LLC*

Karen Jacobs, Esquire
Jennifer Ying, Esquire
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
*Attorneys for AT&T Mobility LLC, AT&T Mobility II LLC and New Cingular Wireless Services*

*VIA ELECTRONIC MAIL*

Josh Krevitt, Esquire
Benjamin Hershkowitz, Esquire
Eric T. Syu, Esquire
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
*Attorneys for AT&T Mobility LLC, AT&T Mobility II LLC and New Cingular Wireless Services*

*VIA ELECTRONIC MAIL*

Brian M. Buroker, Esquire
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
*Attorneys for AT&T Mobility LLC, AT&T Mobility II LLC and New Cingular Wireless Services*

*VIA ELECTRONIC MAIL*

Alison R. Watkins, Esquire
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304
*Attorneys for AT&T Mobility LLC, AT&T Mobility II LLC and New Cingular Wireless Services*

*VIA ELECTRONIC MAIL*

Spencer W. Ririe, Esquire
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612
*Attorneys for AT&T Mobility LLC, AT&T Mobility II LLC and New Cingular Wireless Services*

*VIA ELECTRONIC MAIL*

*/s/ Jack B. Blumenfeld*
Jack B. Blumenfeld (#1014)