**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INTELLECTUAL VENTURES II LLC,<br><br>Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC, AT&T MOBILITY II LLC AND NEW CINGULAR WIRELESS SERVICES, INC.,<br><br>Defendants,<br><br>and<br><br>ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON,<br><br>Intervenors. | Civil Action No. 14-cv-1229-LPS<br><br>JURY TRIAL DEMANDED |

**INTELLECTUAL VENTURES II'S ANSWER TO AT&T MOBILITY LLC, AT&T MOBILITY II LLC AND NEW CINGULAR WIRELESS SERVICES, INC.'S AMENDED COUNTERCLAIMS TO INTELLECTUAL VENTURES II'S COMPLAINT**

Plaintiff Intellectual Ventures II LLC ("Intellectual Ventures") hereby responds to the asserted Amended Counterclaims of Defendants AT&T Mobility LLC, AT&T Mobility II LLC and New Cingular Wireless Services, Inc. ("AT&T") as follows:

## PARTIES

1. Intellectual Ventures admits the facts alleged in Paragraph 155.
2. Intellectual Ventures admits the facts alleged in Paragraph 156.
3. Intellectual Ventures admits the facts alleged in Paragraph 157.
4. Intellectual Ventures admits the facts alleged in Paragraph 158.

5. Intellectual Ventures admits the facts alleged in Paragraph 159.

6. Intellectual Ventures is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 160, and therefore denies them.

7. Intellectual Ventures admits the facts alleged in Paragraph 161.

## JURISDICTION AND VENUE

8. Intellectual Ventures admits the facts alleged in Paragraph 162 to the extent they are understood to refer to AT&T's counterclaims. This "action," referring to Civil Action No. 14-1229, is one for patent infringement brought by Intellectual Ventures.

9. Intellectual Ventures admits the facts alleged in Paragraph 163.

10. Intellectual Ventures admits a justiciable controversy exists between Intellectual Ventures and Defendant AT&T relating to the validity, enforceability, and infringement, of the patents referenced below, but denies that Defendant AT&T is entitled to any relief. Intellectual Ventures denies any remaining facts alleged in Paragraph 164.

11. Intellectual Ventures admits the facts alleged in Paragraph 165.

12. Intellectual Ventures admits the facts alleged in Paragraph 166.

13. In response to Paragraph 167, Intellectual Ventures admits that AT&T seeks a declaration from this Court for the following counterclaims, but denies that AT&T is entitled to any relief.

## COUNT I
## DECLARATORY JUDGMENT OF INVALIDITY AND/OR PATENT INELIGIBILITY OF THE '431 PATENT

14. In response to Paragraph 168, Intellectual Ventures incorporates by reference its responses to Paragraphs 155-167.

15. Intellectual Ventures admits the facts alleged in Paragraph 169 to the extent they are understood to refer to AT&T's counterclaim. This "action," referring to Civil Action No. 14-1229, is one for patent infringement brought by Intellectual Ventures.

16. Intellectual Ventures denies the facts alleged in Paragraph 170.

17. Intellectual Ventures admits that a case or controversy exists within the meaning of 28 U.S.C. §§ 2201 and 2202, but denies that any claim of the '431 Patent is invalid. Intellectual Ventures denies any remaining facts alleged in Paragraph 171.

18. In response to Paragraph 172, Intellectual Ventures admits that Defendant AT&T seeks a judicial determination of the respective rights and duties of the parties on the disputes recited in Paragraphs 168-171, but denies that any claim of the '431 Patent is invalid or patent ineligible.

## COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY AND/OR PATENT INELIGIBILITY OF THE '994 PATENT

19. In response to Paragraph 173, Intellectual Ventures incorporates by reference its responses to Paragraphs 155-172.

20. Intellectual Ventures admits the facts alleged in Paragraph 174 to the extent they are understood to refer to AT&T's counterclaim. This "action," referring to Civil Action No. 14-1229, is one for patent infringement brought by Intellectual Ventures.

21. Intellectual Ventures denies the facts alleged in Paragraph 175.

22. Intellectual Ventures admits that a case or controversy exists within the meaning of 28 U.S.C. §§ 2201 and 2202, but denies that any claim of the '994 Patent is invalid. Intellectual Ventures denies any remaining facts alleged in Paragraph 176.

23. In response to Paragraph 177, Intellectual Ventures admits that Defendant AT&T seeks a judicial determination of the respective rights and duties of the parties on the disputes

recited in Paragraphs 173-176, but denies that any claim of the ’994 Patent is invalid or patent ineligible.

**COUNT III**
**DECLARATORY JUDGMENT OF INVALIDITY AND/OR PATENT INELIGIBILITY OF THE ’153 PATENT**

24. In response to Paragraph 178, Intellectual Ventures incorporates by reference its responses to Paragraphs 155-177.

25. Per D.I. 285 in 1:14-cv-01229-LPS (Stipulation and Order for Partial Dismissal as to the `557 and `153 Patents, entered on June 16, 2016), Count III of AT&T’s Amended Counterclaims to Intellectual Ventures’ Complaint has been dismissed with prejudice. The allegations in Paragraph 179 are, therefore, moot and no response is necessary.

26. Per D.I. 285 in 1:14-cv-01229-LPS (Stipulation and Order for Partial Dismissal as to the `557 and `153 Patents, entered on June 16, 2016), Count III of AT&T’s Amended Counterclaims to Intellectual Ventures’ Complaint has been dismissed with prejudice. The allegations in Paragraph 180 are, therefore, moot and no response is necessary.

27. Per D.I. 285 in 1:14-cv-01229-LPS (Stipulation and Order for Partial Dismissal as to the `557 and `153 Patents, entered on June 16, 2016), Count III of AT&T’s Amended Counterclaims to Intellectual Ventures’ Complaint has been dismissed with prejudice. The allegations in Paragraph 181 are, therefore, moot and no response is necessary.

28. Per D.I. 285 in 1:14-cv-01229-LPS (Stipulation and Order for Partial Dismissal as to the `557 and `153 Patents, entered on June 16, 2016), Count III of AT&T’s Amended Counterclaims to Intellectual Ventures’ Complaint has been dismissed with prejudice. The allegations in Paragraph 182 are, therefore, moot and no response is necessary.

**COUNT IV**
**DECLARATORY JUDGMENT OF INVALIDITY AND/OR PATENT INELIGIBILITY OF THE ’557 PATENT**

29. In response to Paragraph 183, Intellectual Ventures incorporates by reference its responses to Paragraphs 155-182.

30. Per D.I. 285 in 1:14-cv-01229-LPS (Stipulation and Order for Partial Dismissal as to the `557 and `153 Patents, entered on June 16, 2016), Count IV of AT&T's Amended Counterclaims to Intellectual Ventures' Complaint has been dismissed with prejudice. The allegations in Paragraph 184 are, therefore, moot and no response is necessary.

31. Per D.I. 285 in 1:14-cv-01229-LPS (Stipulation and Order for Partial Dismissal as to the `557 and `153 Patents, entered on June 16, 2016), Count IV of AT&T's Amended Counterclaims to Intellectual Ventures' Complaint has been dismissed with prejudice. The allegations in Paragraph 185 are, therefore, moot and no response is necessary.

32. Per D.I. 285 in 1:14-cv-01229-LPS (Stipulation and Order for Partial Dismissal as to the `557 and `153 Patents, entered on June 16, 2016), Count IV of AT&T's Amended Counterclaims to Intellectual Ventures' Complaint has been dismissed with prejudice. The allegations in Paragraph 186 are, therefore, moot and no response is necessary.

33. Per D.I. 285 in 1:14-cv-01229-LPS (Stipulation and Order for Partial Dismissal as to the `557 and `153 Patents, entered on June 16, 2016), Count IV of AT&T's Amended Counterclaims to Intellectual Ventures' Complaint has been dismissed with prejudice. The allegations in Paragraph 187 are, therefore, moot and no response is necessary.

## COUNT V
## BREACH OF CONTRACT

34. In response to Paragraph 188, Intellectual Ventures incorporates by reference its responses to Paragraphs 155-187 as though fully set forth here. Intellectual Ventures further denies the facts alleged in Paragraphs 123-129.

35. Intellectual Ventures denies the facts alleged in Paragraph 189.

36. Intellectual Ventures denies the facts alleged in Paragraph 190.

37. Intellectual Ventures denies the facts alleged in Paragraph 191.

38. Intellectual Ventures denies the facts alleged in Paragraph 192.

39. Intellectual Ventures denies the facts alleged in Paragraph 193.

40. Intellectual Ventures denies the facts alleged in Paragraph 194.

41. In response to Paragraph 195, Intellectual Ventures admits that AT&T seeks a declaration from this Court that Intellectual Ventures has breached its FRAND obligations, but denies that AT&T is entitled to such relief.

42. In response to Paragraph 196, Intellectual Ventures admits that Defendant AT&T seeks a judicial determination of the respective rights and duties of the parties on the alleged disputes recited in Paragraphs 188-195, but denies that Defendant AT&T is entitled to any relief.

## **ADDITIONAL DEFENSES**

43. Intellectual Ventures asserts the following defenses. Assertion of a defense in the following paragraphs does not constitute an admission that Intellectual Ventures bears the burden of proof relating to that defense. Intellectual Ventures reserves the right to amend, modify, or expand these defenses, or raise additional defenses as they become known through discovery.

### **First Defense: Failure to State A Claim**

44. AT&T's purported Declaratory Judgment of Invalidity and/or Patent Ineligibility of the '431 Patent (Count I) and '994 Patent (Count II) counterclaims and AT&T's purported Breach of Contract (Count V) counterclaim fail to state a claim upon which relief can be granted.

### **Second Defense: Lack of Privity**

45. Without admitting that any prior owners of the Patents-in-Suit made any declaration to ESTI or other SSOs, any obligations that the prior owners of the Patents-in-Suit undertook did not pass by assignment or otherwise to Intellectual Ventures.

**Third Defense: No Third-Party Beneficiary**

46. Without admitting that any prior owners of the Patents-in-Suit made any declaration to ESTI or other SSOs, AT&T does not qualify as a third-party beneficiary to any contract that the prior owners of the Patents-in-Suit might have entered.

**Fourth Defense: No Breach of Contract by Intellectual Ventures**

47. Prior to filing suit, Intellectual Ventures attempted to negotiate in good faith with AT&T on the terms for a license to the Asserted Patents. Intellectual Ventures offered AT&T a license to the Asserted Patents, including at least the ’994 Patent.

48. Intellectual Ventures has complied with all ESTI policies and rules in effect at the time that any potentially relevant submissions to ESTI standards bodies occurred, and thus has not breached any contract, to the extent a contract may exist.

**Fifth Defense: Failure of Condition Precedent**

49. AT&T failed to fulfill necessary conditions precedent to receiving a license under the terms described in the ETSI IPR Policy.

**Sixth Defense: Unclean Hands, Equitable Estoppel, and Repudiation**

50. Prior to filing suit, Intellectual Ventures attempted to negotiate in good faith with AT&T on the terms for a license to the Asserted Patents. Intellectual Ventures offered AT&T a license to the Asserted Patents, including at least the ’994 Patent. AT&T rebuffed Intellectual Ventures’ offer and attempt to negotiate in good faith. Therefore, AT&T’s Breach of Contract counterclaim is barred by the doctrines of unclean hands, equitable estoppel, and/or repudiation.

**Seventh Defense: Waiver and Laches**

51. AT&T’s Breach of Contract counterclaim is barred by the doctrine of waiver and/or laches.

**Eighth Defense: Failure to Mitigate**

52. AT&T's Breach of Contract counterclaim is barred by its failure to mitigate its claimed damages.

**Ninth Defense: No Attorneys' Fees or Costs**

53. Intellectual Ventures has not engaged in any conduct that entitles AT&T to attorneys' fees or costs.

## PRAYER FOR RELIEF

Intellectual Ventures asks that the Court enter judgment in its favor on each of AT&T's Counterclaims and hold that AT&T is not entitled to recovery or relief of any kind. Furthermore, IV requests that the Court:

(a) fully dismiss and finally Defendant AT&T's counter-claims against Intellectual Ventures with prejudice;

(b) declare the '431 and '994 patents valid, enforceable, and patent ineligible pursuant to Title 35 of the United States Code;

(c) declare the asserted claims of the Patents-in-Suit valid, enforceable, and patent ineligible pursuant to Title 35 of the United States Code;

(d) declare this case "exceptional" within the meaning of 35 U.S.C. § 285, entitling Intellectual Ventures to an award of its reasonable attorneys' fees, expenses and costs; and

(e) grant such other and further equitable or legal relief as the Court deems proper.

DATED: June 27, 2016

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan

Joseph J. Farnan, III (Bar No. 3945)
Brian E. Farnan (Bar No. 4089)
919 North Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com

Martin J. Black (*pro hac vice*)
DECHERT LLP
Cira Centre 2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000
martin.black@dechert.com

Stephen J. Akerley (*pro hac vice*)
Philip C. Ducker (*pro hac vice*)
Jeffrey Fisher (*pro hac vice*)
DECHERT LLP
2440 W. El Camino Real Suite 700
Mountain View, CA 94040-1499
(650) 815-4800
stephen.akerley@dechert.com
philip.ducker@dechert.com
jeffrey.fisher@dechert.com
*Counsel for Plaintiff Intellectual Ventures II LLC*